UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALLEN DEFOREST,

    Plaintiff,

v.

                                Case No. 12-11766

                                Hon. John Corbett O'Meara

UNISTRUT INTERNATIONAL CORP.
and JOHN D. CRABTREE,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR REMAND

Before the court is Plaintiff's motion for remand, filed May 16, 2012. Defendants filed a response on May 30, 2012. The court heard oral argument on August 23, 2012, and took the matter under advisement. For the reasons stated below, Plaintiff's motion is granted.

## BACKGROUND FACTS

Plaintiff Michael Deforest contends that his former employer, Defendant Unistrut International Corporation, and the plant manager, Defendant John Crabtree, retaliated against him for making a claim under the Michigan Worker's Compensation Disability Act. Unistrut is a Nevada corporation with its principal place of business in Illinois; it operates a plant in Wayne, Michigan. Both Plaintiff and Crabtree are Michigan residents.

Unistrut removed this action to this court based upon diversity jurisdiction, contending that Crabtree was fraudulently joined to defeat federal jurisdiction. Plaintiff has filed a motion to remand to state court.

## LAW AND ANALYSIS

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Jerome-Duncan, Inc. v. Auto-by-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999) (citation omitted).  To prove fraudulent joinder, the burden is on the removing party to show that the plaintiff does not have "a colorable cause of action" against the non-diverse party.  Id.  "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).  The court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non moving party" and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." Id.  See also Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994) ("There can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged. . . .").

The parties dispute whether Plaintiff has a colorable cause of action against Crabtree under Michigan law.  Specifically, Unistrut argues that there is no individual liability under the Worker's Disability Compensation Act.  The Act provides as follows:

> A *person* shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or institute or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

M.C.L. 418.301(13) (emphasis added).  The Act also provides:

> Every employer, public and private, *and every employee*, unless herein otherwise specifically provided, shall be subject to the provisions of this act and shall be bound thereby.

M.C.L. 418.111 (emphasis added).

Plaintiff argues that the plain language of the Act provides for individual liability, because the Act applies to "*every employee*" and because the anti-discrimination provision expressly states that "a *person*" shall not discharge or discriminate against an employee who invokes his rights under the Act.  See Hubbard v. Combustion Engin., Inc., 794 F. Supp. 221 (E.D. Mich. 1992) (Duggan, J.) (on motion for reconsideration, rejecting fraudulent joinder argument in worker's compensation retaliatory discharge case and remanding to state court). Defendant points out that no Michigan court has squarely addressed the issue of individual liability and makes several arguments as to why this court should find that no such liability exists.  The unsettled nature of the law, however, weighs in favor of remand, as this court must weigh any ambiguity in state law against the party seeking removal.  The court finds that Defendant has not met its burden of demonstrating fraudulent joinder.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for remand is GRANTED.  This matter is REMANDED to Wayne County Circuit Court.

                                 s/John Corbett O'Meara
                                 United States District Judge

Date:  October 4, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 4, 2012, using the ECF system.

                                 s/William Barkholz
                                 Case Manager